**BETAL ENVIRONMENTAL CORPORATION, Plaintiff–Appellant,**

v.

**LOCAL UNION NUMBER 78, Asbestos, Lead & Hazardous Waste Laborers, affiliated with the Mason Tenders District Council of Greater New York, Liuna, AFL–CIO and York Hunter Construction, Inc., Defendants–Appellees.**

**Docket No. 01–9326.**

United States Court of Appeals, Second Circuit.

July 17, 2002.

Richard B. Ziskin, Commack, NY, for Appellant.

Lowell Peterson, Meyer, Suozzi, English & Klein P.C., Steven Cramer, Bauman, Katz, & Grill, New York, NY, for Appellees, Local Union Number 78, Asbestos, Lead & Hazardous Waste Laborers, affiliated with the Mason Tenders District Council of Greater New York, Liuna, AFL–CIO, York Hunter Construction, Inc.

Present WINTER, F.I. PARKER and POOLER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Betal Environmental Corporation ("Betal") appeals from the district court's judgment, which followed a three-day bench trial, granting judgment in favor of defendant-appellee Local Union Number 78 ("Local 78"), and granting judgment in favor of Betal and against defendant-appellee York Hunter Construction, Inc. ("York"), but limiting Betal's recovery to $16,000.00 in compensatory damages.

York, the construction manager of a major renovation at the New York Public Library for the Performing Arts (the "Library Project"), is a member of a multi-employer contractors association called Building Contractors Association ("BCA"). The BCA has a collective bargaining agreement with the Mason Tenders District Council of Greater New York, LIUNA, AFL–CIO ("MTDC"). York is bound by the BCA–MTDC collective bargaining agreement ("BCA–MTDC"), which mandates that a BCA contractor may only

subcontract work to a subcontractor who is a signatory of the BCA–MTDC.

Betal is a subcontractor in the business of abating hazardous materials. Although Betal has had a collective bargaining agreement with Local 339 since 1999, Betal is not a signatory of the BCA–MTDC.

York subcontracted with Betal for the asbestos removal work at the Library Project. Betal performed asbestos removal work from September 15, 1999 until September 22, 1999. During this time, a business agent for Local 78, which was a signatory to the BCA–MTDC, learned that Betal was handling the asbestos removal work, in violation of the BCA–MTDC. As a result, the business agent communicated to some York employees that York had violated the BCA–MTDC by hiring Betal. The business agent informed the York employees that Local 78 would "put up a[n informational] line around the building."

Local 78's business agent also had conversations with Betal employees, informing them that they should "stop the job" because Betal employees were not members of Local 78. The president of Local 78 spoke to Dennis Prude ("Prude"), York's vice-president in charge of field operations and labor relations, to inform Prude that York was in violation of the BCA–MTDC.

On September 21, 1999, Betal filed unfair labor practice charges with the National Labor Relations Board ("NLRB"). Local 78 subsequently disclaimed the Library Project asbestos removal job in a letter it sent to the NLRB dated September 22, 1999. The NLRB forwarded the letter to both Betal and York on September 27, 1999.

York terminated Betal by letter dated September 30, 1999. Prude testified at trial that he decided to terminate Betal in order to comply with the BCA–MTDC, and that he was unaware at the time of that decision that Local 78 had threatened to picket the job site.

■ Section 303 permits a party injured by certain unfair labor practices, as defined by section 8(b)(4), to recover damages from the perpetrator of the unfair labor practices. 29 U.S.C. § 187. "Whoever shall be injured in his business or property by reason o[f] any violation [of section 8(b)(4)] may sue therefor in any district court of the United States . . . and shall recover the damages by him sustained and the cost of the suit." *Id.*

The district court denied Betal's section 303 claim on the ground that, even assuming arguendo that Local 78's picketing threats violated section 8(b)(4), Betal had not proved that it had suffered injury (i.e., termination by York) "by reason o[f]" those picketing threats. We review this factual determination of the district court for clear error. *Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd.,* 190 F.3d 64, 67 (2d Cir.1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). When, as here, the district court's

> findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings; for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's

understanding of and belief in what is said.

*Id.* at 575, 105 S.Ct. 1504.

Betal argues unpersuasively that York, by admitting in its answer to Betal's complaint that "Betal was terminated after York Hunter was informed that Union Local No. 78 would pursue a job action at the project in question," had admitted that it terminated Betal because of the threatened job action. Betal offers no reason why we should strain the meaning of "after" in the quoted complaint paragraph to equal "because of," rather than give it its plain meaning as a temporal term indicating that York terminated Betal later in time from when some York employees were informed that Local 78 would pursue a job action.

Betal also points to a letter from York to Betal dated October 4, 1999, in which York's general counsel wrote that:

> [N]ot withstanding the letter of Local 78 allegedly disclaiming work at the New York Public Library for the Performing Arts, our personnel have been approached by Local 78 and have been informed that notwithstanding the letter, they will pursue some job action against the Project based upon a different section of the National Labor Act. We regret having to terminate your client's Contract, however as we explained, our client is a high profile institution and will not take likely [sic] to a job action on its Project.

Although this letter indicates that, when it terminated Betal, York was motivated at least in part by its desire to avert "some job action" by Local 78, the letter does not indicate whether the threatened job action would be lawful or would be a violation of section 8(b)(4). Without more, there is no basis upon which to find clearly erroneous the district court's finding that York was motivated by a desire to comply with the BCA–MTDC, and not by Local 78's alleged section 8(b)(4) violations.

Regarding its breach of contract claim against York, Betal seeks to recover lost future profits and overhead in addition to the compensatory damages awarded by the district court, composed of actual expenses incurred by Betal plus prejudgment interest. As the district court correctly stated, "there must be a showing that the particular damages were fairly within the contemplation of the parties to the contract at the time it was made," *Kenford Co., Inc. v. County of Erie,* 67 N.Y.2d 257, 261, 502 N.Y.S.2d 131, 493 N.E.2d 234 (N.Y.1986), before future lost profits may be recovered as damages for breach of contract. Betal has made no showing that lost future profits and overhead were within the contemplation of the parties at the time they made their contract. Betal cannot recover future lost profits and overhead stemming from York's breach of contract.

We have considered Betal's other arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is AFFIRMED.